KEMNITZER, BARRON & KRIEG, LLP
KRISTIN KEMNITZER          Bar No. 278946
ADAM J. MCNEILE            Bar No. 280296
MALACHI J. HASWELL         Bar No. 307729
1120 Mar West St., Ste C2
Tiburon, CA 94920
Telephone: (415) 632-1900
Facsimile: (415) 632-1901
adam@kbklegal.com
kristin@kbklegal.com
kai@kbklegal.com

Attorneys for Plaintiff BENJAMIN MARTINEZ

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| BENJAMIN MARTINEZ,                                      | Case No. 5:23-cv-02233-MWF-BFM |
|---------------------------------------------------------|--------------------------------|
| Plaintiff,                                              | **PLAINTIFF'S NOTICE OF DECISION TO STAND ON THE FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT; REQUEST FOR COURT TO SET DEADLINE FOR DEFENDANT TO ANSWER THE FIRST AMENDED COMPLAINT** |
| vs.                                                     |                                |
| SUNNOVA ENERGY CORPORATION; and DOES 1 through 20, inclusive, |                          |
| Defendants.                                             | Hon. Michael W. Fitzgerald     |
| _____/                         | Ruling on Motion to Dismiss: May 3, 2024 |

On May 3, 2024, the Court issued the Order Granting in Part and Denying In Part Defendant's Motion to Dismiss [23] attached hereto as **Exhibit A.**

The Court granted, with leave to amend, the motion to the extent the First Amended Complaint seeks to allege a claim under Business & Professions Code §7161.

The Order stated that Plaintiff may file a Second Amended Complaint no later than May 20, 2024, and the Defendant shall file an Answer or respond to the Second Amended Complaint, if filed, by no later than June 10, 2024.

Plaintiff does not intend to file a Second Amended Complaint.

Plaintiff requests that the Court amend its May 3, 2024 Order (ECF 27) to specify that Defendant shall file an Answer to the First Amended Complaint no later than May 24, 2024, which is twenty-one (21) days after the May 3, 2024 Order (ECF 27)

Dated: May 8, 2024   KEMNITZER, BARRON & KRIEG, LLP

By:   /s/ *Malachi J. Haswell*
KRISTIN KEMNITZER
ADAM J. MCNEILE
MALACHI J. HASWELL

# EXHIBIT A

Case 5:23-cv-02233-MWF-BFM Document 27 Filed 05/03/24 Page 1 of 17 Page ID #:281

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 23-2233-MWF (BFMx) | Date: | May 3, 2024 |
| Title: | Benjamin Martinez v. Sunnova Energy Corporation, et al. | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):** ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [23]

Before the Court is Defendant Sunnova Energy Corporation's ("Sunnova") Motion to Dismiss (the "Motion"), filed on February 5, 2024. (Docket No. 23). Plaintiff Benjamin Martinez filed an Opposition on February 12, 2024. (Docket No. 24). Defendant filed a Reply on February 16, 2024. (Docket No. 25).

The Motion was noticed to be heard on **March 4, 2024**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Motion is **GRANTED** *in part with leave to amend* and **DENIED** *in part* as follows:

- The Motion is **DENIED** with respect to Plaintiff's claims of fraudulent concealment and negligence, in addition to his claims under the Consumers Legal Remedies Act (the "CLRA"), the Elder Abuse and Dependent Adult Civil Protection Act (the "Elder Abuse Act"), the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), the Home Solicitation Sales Act (the "HSSA"), and California's Unfair Competition Law (the "UCL").

Case 5:23-cv-02233-MWF-BFM Document 28 Filed 05/03/24 Page 1 of 17 Page ID #:264

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-2233-MWF (BFMx)    Date:  May 3, 2024
Title:    Benjamin Martinez v. Sunnova Energy Corporation, et al.

- With respect to Plaintiff's claims under California's Business & Professions Code section 7150 *et seq.*, the Motion is **GRANTED** *in part* to the extent Plaintiff seeks to allege a claim under section 7161.  The Motion is otherwise **DENIED**.

## I.  BACKGROUND

Plaintiff initiated this action on October 30, 2023.  (Docket No. 1).  Plaintiff subsequently filed his First Amended Complaint ("FAC") as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  (Docket No. 20).  The Court summarizes the allegations in the FAC as follows:

Plaintiff is a 78-year-old monolingual Spanish speaker, has the equivalent of a second-grade education, and is technologically illiterate.  (FAC ¶¶ 1, 35–36).

Defendant is a solar energy company and provides a wide range of products, including solar panels, batteries, electrical vehicle charging, and generators.  (*Id.* ¶ 21).  Defendant also provides customers with financing options for its products.  (*Id.*).

To sell its products, Defendant partners with solar installation contractors, such as Greenspire LLC ("Greenspire").  (*Id.* ¶¶ 1, 22).  Defendant relies on its partners' door-to-door sales representatives to sell solar panels and secure financing by submitting loan applications on the customers' behalf.  (*Id.* ¶¶ 20, 22–23).  Defendant immediately approves these loan applications and retains a portion of every loan generated by the sales representatives.  (*Id.* ¶ 24).

On June 2022, a man named Jonathan Correa and another unknown male came to Plaintiff's home unannounced.  (*Id.* ¶ 37).  Unbeknownst to Plaintiff at the time, the two individuals were sales representatives for Greenspire.  (*Id.*).  The sales representatives spoke to Plaintiff in Spanish, offering him an opportunity to save money on his energy bill.  (*Id.* ¶ 38).  Upon the sales representatives' request, Plaintiff produced two energy bills – one for $139 and the other for $148 – which contained his non-public personal information.  (*Id.* ¶ 38).  Plaintiff observed one of the sales

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-2233-MWF (BFMx)     Date:  May 3, 2024
Title:    Benjamin Martinez v. Sunnova Energy Corporation, et al.

representatives write down information from the energy bills, although he could not see what the information was.  (*Id.*).

After reviewing the energy bills, the sales representatives informed Plaintiff that they could install solar panels for free and that he would only have to pay $105 every month for his energy bill.  (*Id.* ¶ 39).  They told Plaintiff that they would return after seeing whether Plaintiff qualified for the program.  (*Id.* ¶ 41).  During this exchange, Plaintiff never authorized the sales representatives to run his credit.  (*Id.* ¶ 39).

Several weeks later, the sales representatives returned to Plaintiff's home.  (*Id.* ¶ 42).  Although Plaintiff initially told them that he was no longer interested, the sales representatives told him again that the panels and installation would be free and that he would only be responsible for his energy bill.  (*Id.*).  Based on these representations, Plaintiff expressed interest, and the sales representatives said that they would return for the installation.  (*Id.* ¶ 43).

Many months passed without any contact from the sales representatives, so Plaintiff assumed that the offer fell through.  (*Id.* ¶ 44).  Plaintiff was therefore surprised when the installers came to his home in October 2022.  (*Id.*).  The installers did not speak Spanish, and Plaintiff had no way of contacting the sales representatives.  (*Id.*).  Relying the sales representatives' statements that the solar panels were free, Plaintiff allowed the installation to proceed.  (*Id.*).

After the panels were installed, Plaintiff began receiving phone calls claiming that he owed $918 on an energy bill.  (*Id.* ¶ 45).  Believing that the phone calls were from his energy provider, Plaintiff paid $918 to Southern California Edison.  (*Id.*).  However, the phone calls persisted.  (*Id.* ¶ 46).  With assistance from his neighbor, Plaintiff discovered that the outstanding bill was due to Defendant.  (*Id.*).  Plaintiff paid another $918 to Defendant to avoid the harassing calls and damage to his credit.  (*Id.*).

Plaintiff's daughter subsequently contacted Defendant to obtain a copy of the alleged contract between the parties (the "Contract").  (*Id.* ¶ 47).  The Contract, written in English, was for a 25-year loan totaling $48,272.37.  (*Id.* ¶ 47).  It required

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 23-2233-MWF (BFMx)                Date: May 3, 2024
Title:      Benjamin Martinez v. Sunnova Energy Corporation, et al.

payments of $110.57 for the first eighteen months, and $163.48 for the remaining lifetime of the loan. (*Id.*).

The Contract indicated that it had been signed on June 20, 2022, by three individuals: (1) "Benjamin Nieto"; (2) Madeline Arteaga (on behalf of Greenspire); and (3) John Santo Salvo (on behalf of Sunnova). (*Id.* ¶ 48). While Plaintiff's full birth name is Benjamin Martinez Nieto, Plaintiff always uses "Martinez" as his last name. (*Id.* ¶ 50). Based on his inability to read English and his omission of "Nieto" when signing documents, Plaintiff believes that his signature was fraudulently inserted into the Contract. (*Id.*). Moreover, the Contract provides that it was signed by "Benjamin Nieto" and "John Santo Salvo" at the same exact time. (*Id.* ¶ 48). Believing that the Contract was fraudulent, Plaintiff requested cancellation of the Contract by certified mail, dated September 27, 2023, which went ignored by both Sunnova and Greenspire. (*Id.* ¶ 54).

Based on the foregoing allegations, the FAC asserts eight claims for relief: (1) fraudulent concealment; (2) negligence; (3) violation of the CLRA, California Civil Code section 1750 *et seq.*; (4) violation of the Elder Abuse Act, California Welfare & Institutions Code section 15610.07 *et seq.*; (5) violation of the Rosenthal Act, California Civil Code section 1788 *et seq.*; (6) violation of the HSSA, California Civil Code section 1689.5 *et seq.*; (7) violation of California's Business & Professions Code section 7150, *et seq.*; and (8) violation of the UCL, California Business & Professions Code section 17200, *et seq.* (*Id.* ¶¶ 67–166).

## II.  LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-2233-MWF (BFMx)          Date:  May 3, 2024
Title:     Benjamin Martinez v. Sunnova Energy Corporation, et al.

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (citation omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

### III.  DISCUSSION

#### A.  Agency (Claims 1, 2, 3, 7, 8)

With respect to several of Plaintiff's claims, Defendant argues that the FAC is deficient because it solely relies on conduct by Greenspire rather than Defendant. In so arguing, Defendant contends that Plaintiff fails to sufficiently allege an agency theory of liability in support of his claims for fraudulent concealment and negligence, in addition to his claims under the CLRA, the UCL, and Business & Professions Code section 7150. (Motion at 10–16). The Court disagrees.

An agent is defined as "one who represents another, called the principal, in dealings with third persons." Cal. Civ. Code § 2295. The elements of an agency relationship are: "(1) that the agent or apparent agent holds power to alter legal relations between the principal and third persons and between the principal and himself; (2) that the agent is a fiduciary with respect to matters within the scope of the agency; and (3) that the principal has right to control the conduct of the agent with respect to matters entrusted to him." *Imageline, Inc. v. CafePress.com, Inc.*, CV 10-9794-PSG (MANx), 2011 WL 1322525, at *4 (C.D. Cal. 2011) (citation omitted). "To

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-2233-MWF (BFMx)           Date:  May 3, 2024
Title:     Benjamin Martinez v. Sunnova Energy Corporation, et al.

sufficiently plead an agency relationship, a plaintiff must allege facts demonstrating the ***principal's control over its agent***." *Id.* (emphasis added).

Here, the FAC sufficiently alleges the existence of an agency relationship between Defendant and Greenspire. Specifically, the FAC provides as follows:

> SUNNOVA retained the right to control the conduct of Greenspire, including by (1) requiring Greenspire sales agents to use specific software, applications, and technology when engaging in transactions with consumers on SUNNOVA's behalf; (2) controlling the SUNNOVA products Greenspire sales agents could offer, the terms and conditions of the products offered, the method of presentation of the products offered, and the contractual documents that could be utilized; (3) controlling the marketing and sales tactics of Greenspire and its sales agents; (4) retaining the right to discipline Greenspire and sales agents for violations of policies and procedures set by SUNNOVA; (5) requiring all sales agents who offer contracts using SUNNOVA forms, including those sales agents of Greenspire, to be registered with the Contractors State License Board as being employed by SUNNOVA; and (6) retaining the right to terminate Greenspire and/or Greenspire sales agents from the Sunnova Program.

(FAC ¶ 14).

The allegation that Defendant received payment under and has sought to enforce the Contract also indicates that there was some relationship between Greenspire and Defendant. (*Id.* ¶¶ 55, 58). Moreover, the fact that Defendant believes that it has some legal entitlement under the Contract necessarily requires it to believe that Greenspire can alter its legal relationship with Plaintiff. *See Buchanan v. Neighbors Van Lines*, No. CV 10-6206-PSG (RCx), 2011 WL 13217383, at *2 (C.D. Cal. Mar. 15, 2011) (finding allegations of agency sufficient where the plaintiff alleged that the defendant controlled the agent's time of performance, the price for the services, and the manner in which the services were rendered, in addition to collecting payment for the services provided).

---

**CIVIL MINUTES—GENERAL**                                              6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-2233-MWF (BFMx)					Date:  May 3, 2024
Title:	Benjamin Martinez v. Sunnova Energy Corporation, et al.

In response, Defendant contends that Plaintiff's agency theory fails on several grounds, none of which the Court finds persuasive.

***First***, Defendant suggests that allegations of a contractual relationship alone are insufficient to establish agency.  (Motion at 11–12).  However, the FAC alleges more than just a mere contractual relationship between Defendant and Greenspire.  For example, the FAC alleges that Defendant exercised substantial control over Greenspire, such as directing the marketing and sales tactics used by Greenspire and retaining the right to discipline Greenspire and its sales employees.

***Second***, Defendant contends that the FAC's allegations regarding its control over Greenspire contradict those found in the original Complaint.  (*Id.* at 11).  Specifically, Defendant takes issue with the Complaint's allegation that Defendant "has elected to turn a blind eye to misconduct by its partners and, despite deputizing them with significant authority to lock consumers into loans, ***exercises virtually no oversight over their activities***."  (Complaint (Docket No. 1) ¶ 29 (emphasis added)).  Plaintiff has since removed this allegation from the FAC.

While it is true that "[a] party cannot amend pleadings to directly contradic[t] an earlier assertion made in the same proceeding," it is not evident that the FAC contradicts the original Complaint.  *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (citation omitted).  The FAC's allegations that Defendant had an agency relationship with Greenspire and the Complaint's allegations that Defendant failed to exercise proper oversight are not mutually exclusive.  Furthermore, consistent with the FAC, the original Complaint alleged that Defendant had an agency relationship with Greenspire.  (*Compare* FAC ¶ 14 *with* Complaint ¶¶ 13–14).

***Third***, Defendant argues that, even if the FAC sufficiently alleges an agency relationship, it fails to allege that the unlawful conduct fell within the scope of Greenspire's authority or that Defendant had knowledge of the conduct.  (Motion at 13–16).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-2233-MWF (BFMx)			Date:  May 3, 2024
Title:	Benjamin Martinez v. Sunnova Energy Corporation, et al.

In California, "a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal."  Cal. Civ. Code § 2338; *see also Grigsby v. Hagler*, 25 Cal. App. 2d 714, 715, 78 P.2d 444 (1938) ("It is well settled in this state that a principal is liable to third parties not only for the negligence of his agent in the transaction of the business of the agency but also for the frauds or other wrongful acts committed by such agent in and as a part of the transaction of such business.").  California courts have also held that "an agent is under a duty to inform his principal of matters in connection with the agency which the principal would desire to know about."  *Powell v. Goldsmith*, 152 Cal.App.3d 746, 750, 199 Cal. Rptr. 554 (1984) (citation omitted).  "Even if he fails to [d]o so, the principal will in most cases be charged with such notice."  *Id.*

The Court of Appeal's decision in *Grigsby* is instructive.  There, the plaintiff sued a wholesaler for the fraudulent conduct of its employee, who was authorized to make deliveries and collect payments from customers.  *See Grigsby*, 25 Cal. App. 2d at 715.  Instead of collecting the correct amount, however, the employee overcharged customers and pocketed the difference without his employer's knowledge.  *Id.*  The Court of Appeal concluded that, although the employer did not authorize the fraud, it was still liable because the employee was only able to commit the fraud by "regularly carrying on this part of his employer's business."  *Id.* at 716.  Similarly here, the FAC alleges that Defendant enabled Greenspire to sell its solar panels and secure financing for consumers.  (*See id.* ¶¶ 20, 22–23).  In other words, Greenspire was only able to forge the Contract in carrying out the agency's business.

Finally, the FAC alleges that Defendant retained Plaintiff's payment under the Contract, which Plaintiff contends is void.  *See Crawford v. Nastos*, 182 Cal. App. 2d 659, 667, 6 Cal. Rptr. 425 (1960) ("[T]he principal is jointly liable with the agent for damages incurred thereby, even though the principal is innocent of personally participating in the fraud, when he accepts and retains the benefits which accrue from the transaction.").

---

**CIVIL MINUTES—GENERAL**                                                                                                   8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-2233-MWF (BFMx)		Date:  May 3, 2024
Title:	Benjamin Martinez v. Sunnova Energy Corporation, et al.

Accordingly, the Motion is **DENIED** to the extent it seeks to dismiss Plaintiff's claims based on agency.

### B. Failure to State a Claim

Defendant also contends that each of Plaintiff's claims are insufficiently pleaded in the FAC. The Court discusses each claim in turn.

#### 1. Fraudulent Concealment (Claim 1)

The elements of an action for fraud and deceit based on concealment are (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage. *Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 248, 129 Cal. Rptr. 3d 874 (2011) (citation omitted).

Defendant contends that Plaintiff failed to sufficiently allege that it concealed or suppressed a material fact, that it did so with the requisite intent, or that Plaintiff relied on the omission. (Motion at 8). However, these arguments ignore Greenspire's conduct as Defendant's agent. In other words, Defendant's arguments assumes that the FAC does not sufficiently allege an agency relationship between Defendant and Greenspire. Because the Court has already rejected this underlying assumption, the Motion is **DENIED** with respect to the fraudulent concealment claim.

#### 2. Negligence (Claim 2)

"A plaintiff in any negligence suit must demonstrate a legal duty to use due care, a breach of such legal duty, and [that] the breach [is] the proximate or legal cause of the resulting injury." *Modisette v. Apple Inc.*, 30 Cal. App. 5th 136, 143, 241 Cal. Rptr. 3d 209 (2018) (citation omitted) (modifications in original). "The existence of a

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-2233-MWF (BFMx)        Date:  May 3, 2024
Title:    Benjamin Martinez v. Sunnova Energy Corporation, et al.

duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095, 283 Cal. Rptr. 53 (1991). "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 481, 56 Cal. Rptr. 2d 756 (1996). "[T]he existence of duty is a pure question of law." *Modisette v. Apple Inc.*, 30 Cal. App. 5th at 143 (citation omitted) (modification in original). A duty of care "may arise through statute, contract, the general character of the activity, or the relationship between the parties." *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 803, 157 Cal. Rptr. 407 (1979).

In arguing that Plaintiff failed to plead the elements of negligence, Defendant again relies on the erroneous assumption that there was no agency relationship between Defendant and Greenspire. (*See* Motion at 17–18). Accordingly, the Motion is **DENIED** with respect to the negligence claim.

### 3. Elder Abuse Act Claim (Claim 4)

Section 15610.30 of the Elder Abuse Act provides that "[f]inancial abuse of an elder occurs when a person or entity . . . [t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder . . . for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30(a)(1). Wrongful use means that the party "knew or should have known that this conduct is likely to be harmful to the elder." Cal. Welf. & Inst. Code § 15610.30(b); *see also Paslay v. State Farm Gen. Ins. Co.*, 248 Cal. App. 4th 639, 658, 203 Cal. Rptr. 3d 785 (2016). "A plaintiff is not required to prove bad faith or fraud to prevail on a claim of financial elder abuse." *Cameron v. Las Orchidias Props., LLC*, 82 Cal. App. 5th 481, 507, 298 Cal. Rptr. 3d 430 (2022).

Taking Plaintiff's allegations as true, the FAC sufficiently alleges a claim under the Elder Abuse Act. Plaintiff alleges that he was over 65 years old at the time of the underlying events. (FAC ¶¶ 35, 37). Moreover, it alleges that Defendant **retained** the money to which Plaintiff is entitled, even after it was put on notice of Plaintiff's claims and the invalidity of the Contract. (*Id.* ¶ 55). *See Yokell v. Draper*, No. CV 18-02124--JSC, 2018 WL 3417514, at *9 (C.D. Cal. July 13, 2018) (finding that a complaint

---

**CIVIL MINUTES—GENERAL**                                     10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 23-2233-MWF (BFMx)  Date: May 3, 2024
Title:     Benjamin Martinez v. Sunnova Energy Corporation, et al.

sufficiently stated a claim for financial elder abuse by alleging that the defendant retained property to which the plaintiff had a contractual right).

Accordingly, the Motion is **DENIED** with respect to the Elder Abuse Act claim.

### 4. Rosenthal Act Claim (Claim 5)

The Rosenthal Act prohibits "debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1; *see also* Cal. Civ. Code § 1788.2(c) (defining "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection"). The Rosenthal Act also incorporates the federal Fair Debt Collection Practices Act, which makes the following conduct unlawful: false representations of "the character, amount, or legal status of any debt"; "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken"; and the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(2), (5), (10).

Defendant contends that the allegations are insufficient because they only demonstrate that it tried to collect payments *after* Plaintiff attempted to rescind the Contract. (Motion at 23). However, as Plaintiff correctly notes, the timing of the phone calls has no bearing due to the FAC's allegations that Plaintiff never signed the Contract and that the Contract was void from the start. (*See* FAC ¶¶ 41, 43, 45, 50–55).

Defendant also contends that the FAC provides no information about the alleged phone calls. (*Id.*). In so arguing, Defendant relies on *Townsend v. Chase Bank USA N.A.*, No. SACV08–00527 AG (ANx), 2009 WL 426393, at *2 (C.D. Cal. Feb. 15, 2009). *Townsend* is inapposite, however, because the plaintiff provided no information about the contents of the communications and failed to explain why they were deceptive. *Id.* Here, by contrast, the FAC alleges that the phone calls he received were deceptive because they erroneously stated that he owed $918 on a late energy bill. (*Id.* ¶ 45).

---

**CIVIL MINUTES—GENERAL**                                                                11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 23-2233-MWF (BFMx)        Date: May 3, 2024

Title:     Benjamin Martinez v. Sunnova Energy Corporation, et al.

Finally, Defendant argues that the FAC includes only conclusory allegations that the debt was not owed. (Motion at 23). The Court disagrees as the FAC thoroughly explains the basis of Plaintiff's belief that he did not owe the outstanding payment.

Accordingly, the Motion is **DENIED** with respect to the Rosenthal Act claim.

### 5. HSSA Claim (Claim 6)

The HSSA "applies to any contract for the sale of goods or services of $25 or more made anywhere other than the seller's appropriate trade premises." Cal. Civ. Code § 1689.5(b). Contracts falling within the HSSA's scope must include information about the buyer's right to cancel within five business days for seniors after signing the contract and be written in the same language as an oral sales presentation. Cal. Civ. Code § 1689.7(a). The buyer may also cancel the contract up until the seller has complied with the HSSA. Cal. Civ. Code § 1689.7(g).

The Court concludes that the FAC sufficiently alleges a claim under the HSSA. Specifically, the FAC provides that (1) Plaintiff never received a copy of the Contract; (2) that the Contract is written in English despite the fact that the sales representatives spoke to Plaintiff only in Spanish; and (3) that Defendant has rebuffed Plaintiff's attempts to cancel the Contract despite Defendant's noncompliance with the HSSA. (*See* FAC ¶¶ 43–44, 47–48, 50–55). Because Defendant never brought the Contract into compliance with the HSSA, Plaintiff was not required to cancel the Contract within five days as Defendant contends. (*See* Motion at 24).

Accordingly, the Motion is **DENIED** as to the HSSA claim.

### 6. Business & Professions Code Section 7150 Claim (Claim 7)

Section 7159(d) of the Business & Professions requires that all "home improvement contracts and any changes to the contract shall be in writing and signed by the parties to the contract prior to the commencement of work covered by the contract or an applicable change order and . . . shall include or comply with all of the following: (1) [t]he name, business address, and license number of the contractor[;

---

      **CIVIL MINUTES—GENERAL**        12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 23-2233-MWF (BFMx)          Date:  May 3, 2024
Title:     Benjamin Martinez v. Sunnova Energy Corporation, et al.

and] (2) [i]f applicable, the name and registration number of the home improvement salesperson that solicited or negotiated the contract."  Cal. Bus. & Prof. Code § 7159(d).

With respect to Plaintiff's claim under section 7159(d), Defendant's arguments rely on the assumption that there was no agency relationship between Defendant and Greenspire.  (*See* Motion at 24–25).  Because the FAC sufficiently alleges agency, the Motion is **DENIED** with respect to the section 7159(d) claim.

However, the Motion is **GRANTED** *in part* to the extent the FAC seeks to allege a claim under section 7161.  The Court agrees with Defendant that Plaintiff's conclusory allegation that the Contract has "a host of other Business and Professions Code 7161 violations not alleged herein which stem from the fact that Plaintiff did not sign or receive the alleged contract" is wholly insufficient.  (*See* FAC ¶ 147).

### 7.  CLRA and UCL Claims (Claims 3 and 8)

Defendant argues that the Court should dismiss Plaintiff's CLRA and UCL claims on several grounds.  As a threshold matter, Defendant asserts that Plaintiff lacks standing to bring claims against Defendant under the CLRA and UCL.  (Motion at 18–19).  "To establish standing under the UCL . . . and CLRA, a plaintiff must allege that he . . . suffered an 'injury in fact' and 'has lost money or property' as a result of a defendant's alleged conduct."  *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 n.4 (C.D. Cal. Apr. 2, 2021).  The Court concludes that Plaintiff's allegation that he lost at least $918 as a result of Defendant's own conduct and through its agent, Greenspire, is sufficient to confer standing.  (FAC ¶¶ 46, 54–59).

Defendant next contends that, as a matter of law, Plaintiff cannot rely on an agency theory to hold Defendant liable under the CLRA and UCL.  (Motion at 18–19). Defendant is correct that the Ninth Circuit has held that UCL and CLRA claims "cannot be predicated on vicarious liability."  *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 808 (9th Cir. 2007) (citing *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960, 116 Cal. Rptr. 2d 25 (2002)); *see also Prudencio v. Midway Importing, Inc.*, 831 F. App'x 808, 811 (9th Cir. 2020) ("To permit a CLRA claim based on a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 23-2233-MWF (BFMx)     Date: May 3, 2024
Title:     Benjamin Martinez v. Sunnova Energy Corporation, et al.

vicarious liability theory would upend our decision in *Perfect 10* because, as the appellants themselves argue, a CLRA violation provides the requisite predicate for a UCL claim."). In other words, Defendant can only be liable based on its "personal participation in the unlawful practices and unbridled control over the practices." *Perfect 10*, 494 F.3d at 808 (citation omitted). However, as Plaintiff correctly argues, it is asserting direct – not vicarious – liability against Defendant. (*See* Opp. at 20 n.9). *See* Rest. 3d Agency, § 7.08) ("A principal is subject to direct liability to a third party harmed by an agent's conduct when . . . the agent acts with actual authority or the principal ratifies the agent's conduct.").

Finally, Defendant contends that Plaintiff's UCL claims under the "unlawful" prong fail because he does not sufficiently allege an underlying violation of law. (Motion at 20). In so arguing, Defendant focuses on Plaintiff's purported failure to allege a claim under the following statutes: (1) the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5531(a) and 5536(a)(1)(B); (2) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f); and (3) the Holder Rule, 16 C.F.R. § 433. (*Id.*). This argument, however, ignores that the UCL unlawful claim also depends on Defendant's alleged violations of the Elder Abuse Act, Rosenthal Act, HSSA, and the Business & Professions Code section 7150 *et seq*. Because these claims are sufficiently alleged, so too is Plaintiff's UCL claim under the unlawful prong.

Accordingly, the Motion is **DENIED** as to the CLRA and UCL claims.

## IV.    CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** *in part* and **DENIED** *in part with leave to amend*.

Plaintiff may file a Second Amended Complaint ("SAC") by no later than **May 20, 2024**. Defendant shall file an Answer or respond to the SAC, if filed, by no later than **June 10, 2024**. Failure to file a SAC will be construed as a decision to stand on the facts alleged in the FAC.

IT IS SO ORDERED.