Ryan G. Baker (Bar No. 214036)
 rbaker@waymakerlaw.com
Teresa L. Huggins (Bar No. 263257)
 thuggins@waymakerlaw.com
Kevin Casey (Bar No. 338924)
 kcasey@waymakerlaw.com
Patricia Rojas-Castro (Bar No. 339087)
 projascastro@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

*Attorneys for Defendant and Third-Party Plaintiff*
*Sunnova Energy Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BENJAMIN MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUNNOVA ENERGY CORPORATION; and DOES 1 through 20, inclusive,<br><br>　　　　Defendant. | Case No. 5:23-cv-02233-MWF-BFM<br><br>**SUNNOVA ENERGY CORPORATION'S THIRD-PARTY COMPLAINT FOR CONTRACTUAL INDEMNITY** |
| SUNNOVA ENERGY CORPORATION,<br><br>　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>RAYKER, INC. dba GREENSPIRE CONSTRUCTION,<br><br>　　　　Third-Party Defendant. | |

Pursuant to Federal Rule of Civil Procedure 14(a)(1), Defendant and Third-Party Plaintiff Sunnova Energy Corporation ("Sunnova"), by its undersigned counsel, brings this action against Third-Party Defendants Rayker Inc. d/b/a Greenspire Construction ("Greenspire") and alleges as follows:

## PRELIMINARY STATEMENT

1. Sunnova and Greenspire entered into a December 11, 2018 Channel Partner Agreement (the "CPA"). Pursuant to that agreement, Sunnova paid for Greenspire's services in connection with the marketing, sale, leasing, and installation of Sunnova's solar photovoltaic power systems. Attached as Exhibit A is a true and correct copy of relevant portions of the CPA. The CPA also contains an indemnity clause in favor of Sunnova.

2. In this case, although he only names Sunnova as a defendant, Plaintiff Benjamin Martinez ("Plaintiff") alleges that salesmen employed by Greenspire came to his home and made representations to him about the value of solar panels. Based solely on these representations, Plaintiff agreed to have solar panels installed on the roof of his home. Months after the installation, Plaintiff alleges he learned for the first time of Sunnova's existence, and that the Greenspire salesmen had entered him into a contract for the installation and financing of a Sunnova Solar Power System without his knowledge or consent. Sunnova now seeks indemnity in this action based on the CPA, which requires Greenspire to indemnify, hold harmless, and defend Sunnova against, *inter alia*, any and all claims, actions, suits, proceedings, losses, liabilities, penalties and costs or expenses of any kind whatsoever arising from Greenspire's work done under the CPA, Greenspire's breach of the CPA, and Greenspire's failure to comply with applicable laws.

3. Although Sunnova contends the Plaintiff has not been damaged and is not entitled to any relief, Sunnova seeks an award of damages in the amount of any judgment entered against Sunnova on Plaintiff's claims in this action, as well as all

expenses and costs Sunnova incurs in defending itself in this action, because all claims arise from Greenspire's alleged acts.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Sunnova's claims under 28 U.S.C. § 1332 because Sunnova and Greenspire are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Sunnova's claims are so related to Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

7. Third-Party Plaintiff Sunnova Energy Corporation is a corporation organized and existing under the laws of Delaware, with its principal place of business at 20 Greenway Plaza, Suite 475, Houston, Texas 77046.

8. Third-Party Defendant Rayker Inc. d/b/a Greenspire Construction is a corporation organized and existing under the laws of Arizona, with its principal place of business at 3130 Wilshire Blvd., Suite 200, Santa Monica, California 90403.

## STATEMENT OF FACTS

9. On December 11, 2018, Sunnova and Greenspire entered into the CPA. Pursuant to the CPA, Greenspire was required to provide, and Sunnova paid for, goods and services in connection with the marketing, sale, leasing, and installation of Sunnova's solar photovoltaic power systems.  *See* Exhibit A.

10. Plaintiff sued Sunnova in this Court on October 30, 2023.  Plaintiff filed the operative First Amended Complaint ("FAC") against Sunnova on January

1    22, 2024.  In response to a motion to dismiss against the FAC filed by Sunnova, the
2    Court dismissed Plaintiff's Bus. & Prof. Code section 7161 claim against Sunnova
3    on May 3, 2024.  (Dkt. No. 27.)  Plaintiff stands on all other claims in the FAC.  (*Id*.
4    28.)

5    11.    Plaintiff alleges in his FAC that two salesmen employed by Greenspire
6    visited him at his home starting in June 2022 and made certain misrepresentations
7    about the value of solar panels, which induced Plaintiff to agree to the installation of
8    solar panels on his roof.  The salesmen then ran a credit check without Plaintiff's
9    authorization and created an email address for Plaintiff without Plaintiff's
10   authorization, which they then used to electronically sign and enter Plaintiff into an
11   agreement for the installation and financing of a Sunnova solar photovoltaic power
12   system (the "Solar System"), obligating Plaintiff, allegedly without his
13   authorization, to a 25-year loan totaling $48,272.32 for solar panels and a back-up
14   battery.  (*See* FAC ¶¶ 2-3, 35-66.)

15   12.    Plaintiff alleges that, some months after the Solar System was installed
16   at his home, he began receiving calls from Sunnova seeking payment for amounts
17   past due for energy use related to the Solar System.  (FAC ¶¶ 45-46.)  Plaintiff
18   alleges that, prior to these calls, he had only ever communicated with the two
19   Greenspire salesmen and had no communication with Sunnova or even knew that
20   Sunnova existed.  (*Id*. ¶ 48.)

21   13.    Plaintiff alleges that his daughter contacted Sunnova sometime
22   thereafter and obtained a copy of an agreement dated June 20, 2022, for the
23   installation and financing of the Solar System (the "Agreement"), which Plaintiff
24   claims he never signed or had seen before.  (FAC ¶¶ 47.)

25   14.    Plaintiff brings causes of action against Sunnova for fraudulent
26   concealment; negligence; violations of the Consumers Legal Remedies Act, Civ.
27   Code §1750, *et seq*.; violations of the Elder Abuse and Dependent Adult Civil
28   Protection Act, Welf. & Inst. Code §15610.07, *et seq*.; violations of the Rosenthal

Fair Debt Collection Practices Act, Civ. Code §1788, *et seq.*; violations of the Home Solicitation Sales Act, Civ. Code §1689.5, *et seq.*; violations of Bus & Prof. Code §7150, *et seq.*; and violations of the Unfair Competition Law, Bus & Prof. Code §17200, *et seq.* (FAC ¶¶ 67-166.)

15. Plaintiff does not sue Greenspire or the Greenspire salesmen who allegedly made the misrepresentations and entered Plaintiff into the Agreement without his knowledge or consent. Instead, Plaintiff sues Sunnova alone, alleging that Sunnova is liable under an agency theory and is also "subject to all claims and defenses that Plaintiff has against Greenspire as the holder in due course" for each of the causes of action in the FAC, with the exception of the Fifth Cause of Action for violations of the Rosenthal Act. (FAC ¶¶ 68, 76, 80, 93, 121, 139, 156.)

16. In other words, Plaintiff's claims against Sunnova arise exclusively out of Greenspire's conduct in the course performing its obligations under the CPA.

17. Article 1.4 of the CPA, entitled "No Deceptive Practices," prohibits Greenspire and its agents from engaging "in deceptive, misleading or unethical representations or practices with respect to Sunnova, the Parties' relationship hereunder and any Customer" and includes a series of covenants by Greenspire.

18. Specifically, Article 1.4.1 provides:

> No information contained in such Customer Agreement is, has been or will be altered or modified by any Contractor Party and no Contractor Party has advised or suggested (or will advise or suggest) to any Customer to provide any information in the applicable Customer Agreement or with respect to such Customer other than what such Customer knows to be true and complete or to omit any information from such Customer Agreement or with respect to such Customer that would, if omitted, cause information transmitted by Contractor to Sunnova regarding such Customer to be misleading or not true and complete;

19. Article 1.4.2 provides:

> No Contractor Party will make any Customer Agreement available to Sunnova as to which such Contractor Party has reason to doubt that (a) the Customer subject to such Customer Agreement is bona fide and had

4
SUNNOVA ENERGY CORPORATION'S THIRD-PARTY COMPLAINT FOR CONTRACTUAL INDEMNITY

legal capacity to enter into such Customer Agreement at the time it was entered into or (b) the signature of such Customer is valid and genuine;

20. Article 1.4.3 provides:

No Contractor Party shall induce any Customer to enter into any Customer Agreement by any misrepresentation or omissions of such Contractor Party including with respect to the terms and conditions of the Customer Agreement, the Solar System or its performance, or any promotions that Sunnova offers;

21. Article 1.4.4 provides:

Each Contractor Party shall comply with all applicable laws regarding the solicitation and promotion of orders from Customers for the installation, sale and leasing of the Solar Systems, and regarding the performance of such other marketing functions as the Parties may mutually agree, including, but not limited to, the TCPA. Each Contractor Party shall disclose to every potential Customer any and all disclosures required by Applicable Law prior to such potential Customer signing any Customer Agreement and no Contractor Party shall misrepresent any fact relating to the Customer Agreement or the Solar System.

22. Article 3.15 ("Compliance with Applicable Laws") provides:

Contractor shall comply and shall cause all Subcontractors, employees, agents and representatives to comply in all material respects with all Applicable Laws in connection with the performance of Contractor's obligations under this Agreement, including the Work.

23. Article 15.1.1 of the CPA ("Contractor Indemnity") provides, in relevant part:

CONTRACTOR SHALL INDEMNIFY, HOLD HARMLESS AND DEFEND SUNNOVA AND ALL SUNNOVA PARTIES FROM AND AGAINST ANY AND ALL CLAIMS, ACTIONS, SUITS, PROCEEDINGS, LOSSES, LIABILITIES, PENALTIES DAMAGES, COSTS OR EXPENSES OF ANY KIND WHATSOEVER INCURRED BY SUNNOVA OR ANY SUNNOVA PARTY ARISING FROM (A) THE WORK, (B) CONTRACTOR'S MATERIAL BREACH OF THIS AGREEMENT, (C) THE FAILURE OF CONTRACTOR OR ANY OF ITS SUBCONTRACTORS, EMPLOYEES, AGENTS OR REPRESENTATIVES TO COMPLY WITH APPLICABLE LAWS OR OBTAIN ANY NECESSARY LICENSES OR RIGHTS IN

CONNECTION WITH THE PERFORMANCE OF CONTRACTOR'S OBLIGATIONS UNDER THIS AGREEMENT . . . IN EACH CASE EXCEPT TO THE EXTENT SOLELY CAUSED BY THE NEGLIGENCE, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF SUNNOVA, SUNNOVA PARTIES, OR OTHERS UNDER SUNNOVA'S CONTROL.

24. Article 15.3 of the CPA ("Defense") provides:

If any claim is brought against a Party entitled to indemnification under this Agreement ("Indemnified Party"), then the other Party ("Indemnifying Party") shall be entitled to participate in, and, unless a conflict of interest between the Parties may exist with respect to such claim, if any, assume the defense of such claim, with counsel reasonably acceptable to Indemnified Party. If Indemnifying Party does not assume the defense of Indemnified Party, or if a conflict precludes counsel for Indemnifying Party from providing the defense, then Indemnifying Party shall reimburse Indemnified Party on a monthly basis for the reasonable costs of the Indemnified Party's defense through separate counsel of Indemnified Party's choice. Should the Third Party claim arise from a peril covered by policies of insurance maintained by a Party (including without limitation the policies required to be maintained by Contractor under Article 13, counsel assigned by such carrier shall be deemed to be presumptively acceptable to the Indemnified Party absent any reasonable grounds for conflicts of interest. If Indemnifying Party assumes the defense of Indemnified Party with acceptable counsel, Indemnified Party, at its sole option and expense, may participate in the defense with counsel of its own choice without relieving Indemnifying Party of any of its obligations under this Agreement. Indemnifying Party shall not settle any claim without the prior written approval of Indemnified Party, which approval shall not be unreasonably withheld or delayed.

25. In light of the allegations in the FAC, Greenspire is obligated, pursuant to Articles 1.4, 15.1 and 15.3 of the CPA, to indemnify, hold harmless, and defend Sunnova against Plaintiff's claims and for all expenses and costs that Sunnova incurs in defending itself against Plaintiff's claims.

## COUNT ONE – CONTRACTUAL INDEMNITY

26. Sunnova incorporates by reference each of the allegations in paragraphs 1 through 25 above.

27. On or about December 11, 2018, Sunnova and Greenspire entered into the CPA, a valid and binding contract.

28. Sunnova has fully performed its obligations under the CPA, and has complied and will continue to comply with the conditions set forth in the CPA.

29. Pursuant to the CPA, Greenspire is obligated to indemnify Sunnova for any damages or costs awarded to Plaintiff in the underlying action, as well as any expenses or costs Sunnova incurs in defending itself in this action.

30. Pursuant to the CPA, Greenspire is obligated to hold harmless and defend Sunnova against the allegations in the FAC and to reimburse Sunnova on a monthly basis for the reasonable costs of Sunnova's defense.

31. By reason of the foregoing, Greenspire is liable in the amount of any judgment that Plaintiff obtains against Sunnova in this action and for all reasonable expenses or costs incurred by Sunnova in defending against this action.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiff Sunnova respectfully prays for judgment against Greenspire as follows:

a. That, in the event judgment is entered against Sunnova in the underlying action, Sunnova is entitled to total indemnity from Greenspire according to the terms of the CPA:

b. That Sunnova is entitled to the reasonable expenses and costs incurred in defending against this action, according to the terms of the CPA;

c. That Sunnova is entitled to such other and further relief as the Court deems just and proper.

DATED: June 7, 2024         WAYMAKER LLP

By: */s/ Teresa L. Huggins*
Ryan G. Baker
Teresa L. Huggins
Kevin M. Casey
Patricia Rojas-Castro
*Attorneys for Defendant and Third-Party Plaintiff Sunnova Energy Corporation*