James T. Ryan (State Bar No. 210515)
jr@arllp.com
ANNIGIAN RYAN LLP
333 N. Indian Hill Boulevard
Claremont, California 91711
Tel:   (909) 981-0475
Fax:   (909) 981-0113

Dennis L. Hall
dennis@dlhall.net
(*Pro Hac Vice* Application to be filed)
Dennis L. Hall, Attorney, pllc
7412 East Black Rock Road
Scottsdale, Arizona 85012
Tel:   (602) 740-5045

Attorneys for Third-Party Defendant,
Rayker, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BENJAMIN MARTINEZ,<br>　　　Plaintiff,<br>　vs.<br>SUNNOVA ENERGY CORPORATION,<br>　　　Defendant.<br>SUNNOVA ENERGY CORPORATION, and DOES 1 through 20, inclusive,<br>　　　Third-Party Plaintiff,<br>　vs.<br>RAYKER, INC. dba GREENSPRIRE CONSTRUCTION,<br>　　　Third-Party Defendant | Case 5:23-cv-02233-MWF-BFM<br><br>Honorable Michael W. Fitzgerald<br><br>**THIRD-PARTY DEFENDANT RAYKER, INC.'S ANSWER** |

Third-Party Defendant Rayker, Inc. ("Rayker"), by and through undersigned counsel, hereby answers the Third-Party Complaint of Third-Party Plaintiff Sunnova Energy Corporation ("Sunnova").

## PRELIMINARY STATEMENT

1. Answering Paragraph 1 of the Third-Party Complaint, Rayker admits the allegations and avers that Rayker served as Sunnova's "non-exclusive representative" for the services of marketing and installing residential solar systems leased by Sunnova to its customers.

2. Answering Paragraph 2 of the Third-Party Complaint, Rayker admits that, as stated in Benjamin Martinez's ("Martinez") Complaint against Sunnova, Martinez made specific allegations against Sunnova. To the extent that the allegations in Paragraph 2 summarized those specific allegations, Rayker admits those allegations but avers that the Complaint itself and its language are more detailed and specific than the Sunnova summary of those allegations and only admits that the Complaint, in its language, makes those allegations. Further, Rayker admits that in this Third-Party Complaint against Rayker, Sunnova seeks indemnification from Rayker but avers that the extent and nature of the reasonable indemnification remains to be determined. Rayker denies each and every remaining allegation contained therein, including, but not limited to, the allegation that it breached the Channel Partner Agreement.

3. Answering Paragraph 3 of the Third-Party Complaint, Rayker admits the allegations characterizing the claims for damages by Martinez against Sunnova but denies that all claims arise from Greenspire's alleged acts in that Greenspire was only a representative of Sunnova and that Sunnova actively participated in the sale of a Solar System and leasing to Martinez

## JURISDICTION AND VENUE

4. Answering Paragraph 4 of the Third-Party Complaint, Rayker does not contest that the Court has subject matter jurisdiction in this case.

-1-
THIRD-PARTY DEFENDANT RAYKER, INC.'S ANSWER

5. Rayker is unable to respond to Paragraph 5 of the Third-Party Complaint to the extent it calls for a legal conclusion.

6. Answering Paragraph 6 of the Third-Party Complaint, Rayker does not contest that venue is proper in this Court in this case

## PARTIES

7. Answering Paragraph 7 of the Third-Party Complaint, Rayker is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

8. Answering Paragraph 8 of the Third-Party Complaint, Rayker admits the allegations.

## STATEMENT OF FACTS

9. Answering Paragraph 9 of the Third-Party Complaint, Rayker admits that it entered into the CPA and that Rayker, after Sunnova entered into agreement with a consumer, would install a Solar System for the consumer and be paid by Sunnova, who financed the installation and paid marketing fees to Rayker.

10. Answering Paragraph 10 of the Third-Party Complaint, Rayker admits the allegations.

11. Answering Paragraph 11 of the Third-Party Complaint, Rayker admits the allegations to the extent that they fully and reasonably restate the allegations made in the Martinez Complaint against Sunnova.

12. Answering Paragraph 12 of the Third-Party Complaint, Rayker admits the allegations to the extent that they fully and reasonably restate the allegations made in the Martinez Complaint against Sunnova.

13. Answering Paragraph 13 of the Third-Party Complaint, Rayker admits the allegations to the extent that they fully and reasonably restate the allegations made in the Martinez Complaint against Sunnova.

14. Answering Paragraph 14 of the Third-Party Complaint, Rayker admits the allegations to the extent that they fully and reasonably restate the allegations

made in the Martinez Complaint against Sunnova.

15. Answering Paragraph 15 of the Third-Party Complaint, Rayker admits the allegations to the extent they accurately summarize the CPA

16. Answering Paragraph 16 of the Third-Party Complaint, Rayker denies the allegations.

17. Answering Paragraph 17 of the Third-Party Complaint, Rayker admits the allegations to the extent they accurately summarize the CPA.

18. Answering Paragraph 18 of the Third-Party Complaint, Rayker admits the allegations to the extent they accurately summarize the CPA.

19. Answering Paragraph 19 of the Third-Party Complaint, Rayker admits the allegations to the extent they accurately summarize the CPA Complaint.

20. Answering Paragraph 20 of the Third-Party Complaint, Rayker admits the allegations to the extent they accurately summarize the CPA.

21. Answering Paragraph 21 of the Third-Party Complaint, Rayker admits the allegations to the extent they accurately summarize the CPA.

22. Answering Paragraph 22 of the Third-Party Complaint, Rayker admits the allegations to the extent they accurately summarize the CPA.

23. Answering Paragraph 23 of the Third-Party Complaint, Rayker admits the allegations to the extent they accurately summarize the CPA.

24. Answering Paragraph 24 of the Third-Party Complaint, Rayker admits the allegations to the extent they accurately summarize the CPA.

25. Answering Paragraph 25 of the Third-Party Complaint, Answering Paragraph 25 of the Third-Party Complaint, Rayker denies the allegations.

## COUNT ONE – CONTRACTUAL INDEMNITY

26. Answering Paragraph 26 of the Third-Party Complaint, Rayker incorporates by reference paragraphs 1-25 of this Answer.

27. Answering Paragraph 27 of the Third-Party Complaint, Rayker admits the allegations.

28. Answering Paragraph 28 of the Third-Party Complaint, Rayker denies the allegations.

29. Rayker is unable to respond to Paragraph 29 of the Third-Party Complaint to the extent it calls for a legal conclusion.

30. Rayker is unable to respond to Paragraph 30 of the Third-Party Complaint to the extent it calls for a legal conclusion.

31. Rayker is unable to respond to Paragraph 31 of the Third-Party Complaint to the extent it calls for a legal conclusion.

## FIRST DEFENSE
### (Failure to State a Claim)

32. Rayker is informed and believes, and on that basis states and alleges, that the Third-Party Complaint fails to state a claim upon which relief may be granted against Rayker.

## SECOND DEFENSE
### (Lack of Standing)

33. Rayker is informed and believes, and on that basis states and alleges, that Sunnova is not a real party in interest and/or otherwise lacks standing to bring one or more claims against Rayker.

## THIRD DEFENSE
### (Failure to Name Indispensable Party(ies))

34. Rayker is informed and believes, and on that basis states and alleges, that Sunnova's third-party claims are barred in whole or in part because Sunnova failed to join an indispensable party or parties.

## FOURTH DEFENSE
### (Breach of Duty)

35. Rayker is informed and believes, and on that basis states and alleges, that Sunnova's third-party claims are barred in whole or in part by Sunnova's own breach of the duties owed to Rayker.

## FIFTH DEFENSE

### (Unclean Hands)

36. Rayker is informed and believes, and on that basis states and alleges, that Sunnova's third-party claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH DEFENSE

### (Estoppel)

37. Rayker is informed and believes, and on that basis states and alleges, that Sunnova, by reason of its independent actions or omissions to act, is estopped from seeking and obtaining recovery of damages from Rayker on each and every claim in the Third-Party Complaint.

## SEVENTH DEFENSE

### (Waiver/Release)

38. Rayker is informed and believes, and on that basis states and alleges, that Sunnova, by reason of Sunnova's independent actions or omissions to act, has waived and/or released Sunnova's right, if any, to pursue the third-party claims alleged against Rayker in the Third-Party Complaint.

## EIGHTH DEFENSE

### (Bad Faith)

39. Rayker is informed and believes, and on that basis states and alleges, that Sunnova's third-party claims are barred in whole or in part by Sunnova's bad faith.

## NINTH DEFENSE

### (Unjust and Inequitable Relief)

40. Rayker is informed and believes, and on that basis states and alleges, that to allow Sunnova to recover any relief, under the circumstances, would be unjust and inequitable.

## TENTH DEFENSE

### (Unconscionability)

41. Rayker is informed and believes, and on that basis states and alleges, that Sunnova's third-party claims are barred in whole or in part because the alleged contracts Sunnova has put at issue are unconscionable.

## ELEVENTH DEFENSE

### (Lack of Consideration)

42. Rayker is informed and believes, and on that basis states and alleges, that Sunnova's third-party claims are barred in whole or in part because the alleged contracts Sunnova has put at issue lacked adequate consideration and/or constituted illusory promises.

## TWELFTH DEFENSE

### (Failure of Consideration)

43. Rayker is informed and believes, and on that basis states and alleges, that Sunnova's third-party claims are barred in whole or in part because Sunnova failed to deliver the performance that served as consideration for the alleged contracts Sunnova has put at issue.

## THIRTEENTH DEFENSE

### (Frustration of Purpose)

44. Rayker is informed and believes, and on that basis states and alleges, that Sunnova's third-party claims are barred in whole or in part by the doctrine of frustration of purpose.

## RESERVATION

Rayker reserves the right to assert additional defenses if discovery or Rayker's investigation reveals grounds for the assertion of the additional defenses, including without limitation defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

## **RAKYER'S PRAYER FOR RELIEF**

Wherefore, Rayker prays for judgment against Sunnova as follows:

1. That Sunnova takes nothing by way of the Third-Party Complaint and that the Third-Party Complaint be dismissed;

2. For costs of suit; and

3. For such other and further relief as the Court deems just and proper.

ANNIGIAN RYAN LLP

Dated: July 31, 2024          By: /s/ James T. Ryan
                              James T. Ryan
                              Attorneys for Third-Party Defendant,
                              Rayker, Inc.

-7-
THIRD-PARTY DEFENDANT RAYKER, INC.'S ANSWER